FRANKLIN,
*January,*
1841.

State of Vt.
*v.*
Town of
Fletcher.

---

### STATE OF VERMONT *v.* Town of FLETCHER.

Where a town has been indicted for not keeping a highway in repair, and, after the finding of the bill, and before the trial, the selectmen of such town lay out, open and make a new road, and discontinue the one described in the indictment :—Held, that the making of the new road, and discontinuing the old one, did not defeat the prosecution against the town.

Where a road is described, in an indictment, as leading southerly, passing by houses of certain individuals named, through one town to and across the *north* line of another town, and the evidence offered on the trial proved such description, except as to the line of the latter town, which line was proved to be more nearly a *west* than a *north* line :—Held, that the variance relating to said line was not fatal, as the more decisive parts of the description were proved as laid.

THIS was an indictment for suffering a public road or highway, in Fletcher, to be out of repair. The description of the highway, as given in the indictment, sufficiently appears from the case and the opinion of the court.

Plea, not guilty, and trial by jury.

On the trial, in the county court, the prosecutor introduced testimony, tending to show, that there was, at the time of finding the bill of indictment, and for many years before, had been, a public road or highway, leading southerly from the town of Fairfield, which entered the town of Fletcher, at the place

described in the indictment, passed by the dwelling-houses mentioned in the indictment, and continued in a southerly direction, through said town of Fletcher, into the town of Cambridge, intersecting two or three other roads before entering the latter town. The defendants insisted, that direct evidence should be given, to show that said road had been surveyed and laid out as a highway. But the prosecutor, professing to be unable to adduce such proof, was permitted by the court to prove, that for more than fifteen years before the finding of the indictment, said road had been an open travelled road, reputed and called a public highway, and that highway taxes and other moneys had been expended in repairing the road, by direction of the town, or its proper officers. Testimony was also given, tending to show, that, at the time of finding the indictment, and for a few years previous thereto, a portion of said road, in the northerly part thereof, was, and had been much decayed and out of repair.

The defendants introduced a survey of a piece of new road, which was to serve as a substitute for that part of the old road which was so proved to be out of repair, made Sept. 26th, 1838, after the finding of the indictment, and a copy of a record, showing that, on the 4th day of April, 1839, the selectmen of Fletcher discontinued said portion of the old road. The defendants also offered to prove, that the select men had examined the aforesaid portion of the old road, and concluded to discontinue it, before the finding of the indictment. Also, that the old road, in the part aforesaid, was very difficult to keep in repair ; that the new piece of road had been made, and was the road travelled upon. This testimony was objected to, and excluded by the court.

The defendants introduced the plan of the town of Cambridge, by which it appeared that the line of said town, which is intersected by the highway aforesaid, in passing from Fletcher into Cambridge, was from a south-westerly to a north-easterly direction, upon the point north, 36 degrees east, which line terminates at right angles with another boundary line of said town, which ran east, 36 degrees south ;— they also proved, that the former line is called the west, and the latter the north line of Cambridge, and they proved that there was, in fact, no road leading from Fairfield through

FRANKLIN,
*January,*
1841.

State
*v.*
Town of
Fletcher.

FRANKLIN,
*January,*
1841.

State
*v.*
Town of
Fletcher.

Fletcher, into Cambridge, intersecting the line last mentioned.

The defendants contended, and requested the court to charge, that the survey of said piece of new road, and the discontinuance of that part of the old road, which was claimed to be out of repair, should operate to defeat the prosecution, and entitle the defendants to a verdict; also, that the aforesaid facts, relating to the boundary line of Cambridge, showed a fatal variance from the allegations of the indictment, and, therefore, entitle the defendants to a verdict.

But the court instructed the jury, that the question, whether the defendants had been guilty of a neglect of duty, must depend upon the evidence, as to the condition of the road, at and previous to the time of finding the indictment; and, therefore, if they should find that, at the time of the presentment, the road was in such a state of decay and neglect, as to render travelling upon it difficult and unsafe, by means of such neglect, and that it had been suffered to remain in that state for any considerable time, they should consider the prosecution as so far supported, and that a subsequent discontinuance of that portion of the road could not have the effect to defeat the prosecution entirely, whatever influence it might have with the court upon the amount of fine to be imposed; that, in reference to the other point, if they found the road to correspond with the particular description given in the indictment, as to the place where it entered Fletcher from Fairfield, and as to the dwelling houses by which it passed, and if they should also find that it passed through the town of Fletcher, into Cambridge, in the general course and direction given in the indictment, they would be at liberty to regard the line of Cambridge, intersected by it, as being sufficiently a north line of said town, for the purpose of the trial.

The jury returned a verdict of guilty, and the defendants excepted to the decision and charge of the county court.

*Hubbell and Brown,* for the defendants, contended that the statute had conferred upon the selectmen the power to discontinue a highway, when they think the public good requires it, and it is made their duty so to do. Rev. Stat. 124, § 1. 125, § 10.

FRANKLIN,
January,
1841.

State
v.
Town of
Fletcher.

When the selectmen have discontinued a highway, their action upon the subject is final, and the highway ceases to exist.

At the time of the trial, in the county court, the highway complained of did not exist, and, consequently, the defendants were entitled to an acquittal. The discontinuance of the highway operated as a bar to the prosecution, as effectually as would the repeal of the statute, making towns liable for not repairing their highways.

Where a town is fined for not keeping a highway in repair, the statute requires that the fine should be expended in repairing the highway complained of. Rev. Stat. 140, § 30. In the present case, the fine could not be so expended.

2. The variance between the description of the highway, in the indictment, and the testimony admitted on the trial, was fatal, and, for that reason, the judgment below should be reversed.

*O. Stevens*, State's Attorney, for the prosecution.

1. A highway may be created by a dedication of it to the public by the owner of the soil, and the use of it by the public as such. *State* v. *Wilkinson*, 2 Vt. R. 486.

If a way has been used by the public, without interruption for fifteen years, a presumption arises that it has been dedicated to the public; which presumption the owner of the soil will not be allowed to dispute. *Colden* v. *Thurbur*, 2 Johns. 424. *Rugby Charity* v. *Merryweather*, 11 East, 375.

If the public acquiesce in the dedication of a road, and recognize it as a public highway, they are bound to keep it in repair.

From the case, it appears that the road in question had been so dedicated, and that the town accepted of the dedication, by using the road and laying out thereon highway taxes, and other moneys, by its proper officers.

2. A town, when indicted for not keeping in repair a highway, cannot defeat the indictment by discontinuing such highway; if so, all beneficial effects of the statute would be prevented.

3. The highway complained of, was described with sufficient certainty. The commencement of the road was proved as laid, and that it passed by the houses of the dif-

ferent individuals named in the indictment, to the town of Cambridge.

State
- *v.*
Town of
Fletcher.

The opinion of the court was delivered by

ROYCE, J.—Two questions are presented, by the exceptions, for our decision. First, whether the discontinuance of that part of the road which was out of repair, made by the selectmen of Fletcher, pending this prosecution, had the effect to defeat the prosecution, and entitle the defendants to an acquittal? Second, whether there is a material variance between the description of the highway, as given in the indictment, and the proof relating to it, which was adduced on trial?

As to the first question, it is clear that the burden of making and repairing highways is a duty of legal obligation upon the several towns; and, therefore, the neglect of that duty must be a fault and delinquency of the town so neglecting. This fault is, by statute, made punishable as a species of crime or misdemeanor. The guilt is contracted, at once, upon the neglect, and, in analogy to other cases, should only be expiated by punishment or pardon. It is probably true, however, that it was always necessary that the highway should continue to exist, as such, at the time of the indictment, for so are all the forms; and this has been especially required of late, since the fine imposed has been appropriated, by statute, to the repair of the same road which is indicted. But we do not think that a prosecution, rightfully commenced, can be entirely defeated by a *subsequent* discontinuance of the road. The necessity of a fine is, indeed, obviated by it, as it it would be by a thorough repair of the road pending the prosecution. The case is not analogous to the unconditional repeal of a penal statute, pending a prosecution under it.

In relation to the second question, it appears that the indictment describes the road as leading southerly, through the town of Fletcher, to and across the north line of Cambridge. It was in proof that no line of Cambridge was truly a north line of the town, and that the line through which the road in question entered that town, was more nearly a west than a north line of the town, and that it was generally called the west line. This line, however, is a southerly line to the greater

part of Fairfield, and a northerly line to a portion of the town <span style="float:right">FRANLLIN,</span> of Cambridge. Thus far it may be fairly insisted that the evi-dence did create a variance, and were this the only, or princi-pal matter of description, the variance would be fatal. But this is by no means the only or principal description given. The road is alleged to enter the town of Fletcher, from Fairfield, near the dwelling-house of an individual named, to pass by two houses of individuals named, and to pass through the town, into Cambridge in a southerly direction. These are, by far, the more decisive parts of the description, and appear to have been fully satisfied by the evidence on trial. I am not aware that, in in this case, more than in civil cases, a description, which proves to be repugnant is, in every instance, fatal. The gene-ral rule is, that the more controlling and certain parts of the description shall prevail over those which are less so. And, since the ground of supposed variance cannot apply to that part of the road which was affected by the prosecution, we are satisfied that, for the present purpose, it is not substan-tial or important.

FRANLLIN,
January,
1841.

Judgment, that the exceptions be overruled, and judgment is rendered on the verdict.

Fine assessed one cent.