[No. 5794.]

JOHNSON v. THE PEOPLE.

1. **Practice in Criminal Cases—Informations and Indictments— Variance.**

A. variance between the copy of an instrument set out in an indictment and the original cannot be successfully invoked by the accused in a criminal prosecution unless such variance is in some way material, that is, a mere variance is of no consequence unless it prejudices the accused.—P. 448.

2. **Same—Building and Loan Associations—Officers—Prosecution.**

3 Mills (Rev.), §§ 12, 13, provides that every person who shall make, state, or publish any false report or false statement of the financial condition of a building and loan association, shall be deemed guilty of a felony. An indictment charged defendant, as president of such association, with having made a false report of its affairs for the period ending December 31, setting out therein the tenor of the report, reciting that deposits under the

head of "Receipts" were a certain amount, and alleging that such item was false in that the deposits for the period named did not exceed a different and considerably smaller sum. The original report, however, when introduced in evidence, disclosed that the statement of deposits was still a different amount. Held, that, as the gist of the offense was the falsity of the statement, regardless of the extent of such falsity, the variance was immaterial, and the only question necessary to consider is whether or not the plaintiff was in any way misled by the variance.—P. 451.

*Error to the District Court of the City and County of Denver.*

*Hon. James E. Garrigues, Judge.*

E. M. Johnson was convicted of having made a false report of the affairs of The Fidelity Savings Association, and he brings error.          *Affirmed.*

Mr. RALPH TALBOT and Mr. THOS. WARD, JR., for plaintiff in error.

Mr. N. C. MILLER, attorney general, Mr. I. B. MELVILLE, assistant attorney general, Mr. JOHN. H. CHILES and Mr. H. S. SILVERSTEIN, deputy district attorneys, for the people.

The law provides that building and loan associations organized under the laws of this state shall, semi-annually, for the periods ending June 30 and December 31, each year, file with the clerk and recorder of the county in which the principal business of such corporations is carried on, a report of their affairs and operations for the six months preceding the dates mentioned. This report shall be verified by the president and secretary of such association, and shall contain, among other items, a detailed statement of receipts for the period covered by the report. Every person who shall make, state, or publish any false report or false statement of such association, shall be deemed guilty of a felony.—Sections 283g,

283h, 3 Mills' (Rev.) Stats.; sections 12 and 13, Session Laws 1897, 127-8.

Plaintiff in error, president of The Fidelity Savings Association, was convicted of having made a false report of its affairs for the period ending December 31, 1903. The indictment under which this conviction was had contained a copy of the report preceded by the words: "of the tenor following, to wit:". According to the copy of the report incorporated in the indictment the deposits under the head of receipts was stated to be $366,073.94; and it was charged that this item was false in that such deposits for the period named did not exceed $255,173.94. Other items in the report were also charged to be false. The original of the report set out in the indictment was offered and received in evidence over the objection of the defendant. From the original it appeared that the item deposits was stated to be $365,073.94. Defendant objected to this report upon the ground of variance. In all other respects the copy and original corresponded. The original report tallied exactly with all statements in the indictment of a descriptive nature. Among these were the date of filing, and the public office where filed. The jury returned a verdict of guilty, and from sentence thereon the defendant brings the case here for review on error.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

The only question urged by counsel for defendant is, that the variance in the item of deposits, as exhibited by the copy of the report set out in the indictment and the original thereof, introduced in evidence, was fatal, because, when there is set out in an indictment a copy of a written instrument according to its tenor, a variance between the copy so set

out and the original offered in evidence to support it which is material or descriptive in its character, renders the original incompetent as evidence for any purpose. In support of this general proposition, they contend: (1) That the variance was material "in that it substituted one number for another, and changed the import of the report"; and (2) "That it was a matter of description tending to the identification of the report actually made."

To these contentions counsel on behalf of the people respond: (1) That the variance is in no sense material; (2) That the variance falls within the provisions of our state statute (§ 1433, Mills' Ann. Stats.) which says, in part: "All exceptions which go merely to the form of an indictment shall be made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in such indictment."

Conceding, but not deciding, that the report is set out in the indictment according to its tenor, which generally means that the copy so set out is a literal copy of the original, and without considering the statute invoked by the attorney general, the important question presented for determination is, whether or not the variance was material. We thus limit the inquiry, because the authorities hold that a variance between the copy of an instrument set out in an indictment and the original cannot be successfully invoked by the accused in a criminal prosecution unless such variance is in some way material; that is to say, a mere variance is of no consequence unless it prejudices the accused.—3 Rice on Evidence, § 121. In considering this proposition, two questions are involved:

First—Does the variance show that the offense charged is different from that which was attempted to be proved by the original report?—and,

Second—Was such variance descriptive in its nature, tending to the identification of the instrument, a copy of which is set out in the indictment?

On these questions, variances between the averments of the indictment and the testimony in support thereof are not regarded as material unless they mislead the accused in making his defense, or may expose him to the danger of being again put in jeopardy for the same offense.—22 Enc. Pl. & Pr. 551; Underhill on Crim. Ev., § 31. In criminal prosecutions for libel, forgery and other cases where the instrument incorporated in the indictment is the basis of the offense charged, a material variance between the instrument pleaded and the original introduced in evidence to support it, will be fatal. The reason for the rule is, that in such cases the instrument pleaded is a part of the gist of the offense charged, and when the original offered in support thereof varies materially from that set out in the indictment, it cannot be received, because it is not proof of the crime charged, but of another and different offense. Thus, in a prosecution for forging a note or a deed, the original offered in evidence must, in case of a note, correspond in amount; otherwise, the crime is not proven as charged; or, in case of a deed, the description of the land in the original must be the same as in the copy, or else the forgery is not proven, as laid in the indictment; and so, in all criminal prosecutions, where the instrument incorporated in the indictment is of the gist of the offense charged. But that is not this case. The gist of the offense did not consist in making and subscribing the report set out in the indictment. The statute does not make the filing of such a report, though false in

fact, essential to the commission of the crime charged. The essence of the crime was the making of a false statement of the financial condition of the affairs of the association by the defendant, its president.

In order to establish the falsity of the report, it was not necessary to prove that each item alleged to be false was, in fact, false. This ingredient of the crime charged would be proven by evidence from which it appeared that one or more of such items were substantially false in fact; nor, in establishing the falsity of the report, was it necessary to prove that the items alleged to be false were false in the exact amount stated, for this element of the crime would be proven by evidence from which it appeared that such items were false in a greater or less sum than alleged in the indictment. As to the particular item under consideration, the question of its falsity was the important one, and testimony tending to prove that it was false was competent. According to the indictment, this item was false in the sum of $10,900, but the proof, as exhibited by the original report, showed it was false in the sum of $9,900; but that merely affected the magnitude of its falsity. So that, notwithstanding the variance between the copy of the report and the original thereof, the latter corresponded with the general design and purport of the indictment in its charge that the defendant had made a false statement regarding the financial affairs of The Fidelity Savings Association. This false statement was made by means of the report set out in the indictment, but that was merely evidence of the crime charged, and not of the essence of such crime. The exact amount of the falsity of the statement was immaterial, so long as it was substantially false in one or more of the particulars charged. The variance in no sense proved the crime to be other

than the one laid in the indictment; on the contrary, the original of the report was competent evidence of the identical crime charged with respect to the item of deposits, and other items alleged to be false, for the purpose of showing that the defendant had made a statement which, by other competent evidence, would be shown to be false, although, as to the deposits, it was different in amount from the copy pleaded; hence, the variance as to this item was immaterial, unless descriptive in its nature.

On this proposition the only question necessary to consider is, whether or not the defendant was in any way misled by the variance. In all particulars except as to the item of deposits, the original of the copy of the report incorporated in the indictment corresponded with such copy. The date thereof was given; the official before whom it was verified; the public office in which it was filed; in short, what may be termed the decisive means of identification of the report set out in the indictment were so full and complete that it was impossible for the defendant to have failed to fully understand from the indictment what report was referred to. We therefore conclude that the variance relied upon did not in any manner prejudice the accused.—*Roberts v. People,* 9 Colo. 458; *Dill v. People,* 19 Colo. 469; *Harris v. People,* 64 N. Y. 148; 1 Greenleaf on Evidence, § 63; 22 Enc. Pl. & Pr. 556; *State v. Town of Fletcher,* 13 Vt. 124; *Putnam v. U. S.,* 162 U. S. 687; Starkey on Evidence (10th ed.) * 626-27.

The judgment of the district court is affirmed.

*Affirmed.*

Mr. Justice GUNTER and Mr. Justice MAXWELL concur.